conclude in appeal No. 1 that defendants failed to meet their burden of establishing that the BTSA employee handbook was immune from disclosure (*see generally Koump v Smith*, 25 NY2d 287, 294 [1969]; *Learned*, 70 AD3d at 1399).

We agree with defendants in appeal No. 2, however, that the court abused its discretion, following its in camera review, in directing them to disclose the information under the "types" and "notes" categories previously redacted from the appointment schedule for BTSA and the surgery schedule for Dr. Aldridge. The redacted information in those columns includes personal information regarding nonparty patients, such as medical and surgical procedures, and plaintiff is not entitled to that information (*see Brandes v North Shore Univ. Hosp.*, 1 AD3d 551, 552 [2003]; *Gourdine v Phelps Mem. Hosp.*, 40 AD2d 694, 695 [1972]). We therefore modify the order in appeal No. 2 accordingly. Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE TARVER, Also Known as WILLIE LEE GRIFFIN, Also Known as LITTLE RED, Appellant. [913 NYS2d 118]—Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered January 28, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS BROWN, Appellant. (Appeal No. 1.) [913 NYS2d 118]—Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered June 25, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS BROWN, Appellant. (Appeal No. 2.) [913 NYS2d 118]—Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered June 25, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is

unanimously affirmed. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS BROWN, Appellant. (Appeal No. 3.) [913 NYS2d 118]—Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered June 25, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY JENKINS, Appellant. [913 NYS2d 634]—Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 27, 2009. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child, sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96). Defendant contends that the People unconstitutionally burdened his right to go to trial by charging him with both predatory sexual assault against a child and rape in the first degree (§ 130.35 [4]) and then seeking dismissal of the rape count based on his rejection of the plea offer with respect to that count, which has a less severe sentencing range than the predatory sexual assault count. That contention is not preserved for our review (see CPL 470.05 [2]). In any event, it is without merit, and we thus conclude that defense counsel's failure to object to the dismissal of the rape count on that ground did not constitute ineffective assistance of counsel (see generally People v Caban, 5 NY3d 143, 152 [2005]).

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

In the Matter of CLIFTON J. WILSON, Appellant, v TAMERA K. LINN, Respondent. [914 NYS2d 923]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 14, 2010 in a proceeding pursuant to Family Court Act article 6. The order